**UNITED STATES of America**

v.

**Scott JONES.**

**Crim. No. 85–00094–01.**

United States District Court, E.D. Pennsylvania.

April 4, 1985.

Thomas L. McGill, Jr., Philadelphia, Pa., for defendant.

Asst. U.S. Atty. John P. Pucci, Philadelphia, Pa., for the government.

## MEMORANDUM AND ORDER

WILLIAM F. HALL, Jr., United States Magistrate.

The defendant was indicted on March 14, 1985 in three counts of distribution of heroin, in three counts of distribution of cocaine and in one count of the use of a telephone to facilitate the distribution of cocaine. On March 29, 1985, the Government moved the court to detain the defendant pending his trial pursuant to Section 3142(f)(1)(C) of the Bail Reform Act of 1984: 18 U.S.C. § 3141, et seq. I held an evidentiary hearing on the motion on April 1, 1985. I will deny the Government's motion for the following reasons.

The Government presented the testimony of an agent of the Drug Enforcement Agency. He testified that on five occasions during May and June 1983, the defendant sold and delivered to him various quantities of heroin and cocaine. He also testified that the defendant sold and delivered cocaine to an informant during that period. He also testified that one of the sales was negotiated in a telephone conversation between the defendant and a confidential informant, which transaction was later consummated by the delivery of a quantity of cocaine to him by the defendant. Based on this evidence I find that there is probable cause to believe, as did the grand jury, that the defendant has violated the Controlled Substances Act, 21 U.S.C. §§ 841(a)(1) and 843(b). The penalties for the distribution of heroin and cocaine, Section 841(b)(1)(A) include a term of imprisonment not exceeding fifteen (15) years. Therefore, the defendant faces a possible sentence of ninety (90) years imprisonment if convicted on each of the six counts of the indictment and an additional four (4) years for the use of a communication facility charge provided for in Section 843(c).

Upon my finding of probable cause that the defendant committed offenses, for which the maximum term of imprisonment for each count is ten years or more, as prescribed in the Controlled Substances Act, a rebuttable presumption arose that "no condition or combination of conditions will assure the appearance of the person as required and the safety of the community ..." 18 U.S.C. § 3142(e). The Act further provides, however, that the facts the judicial officer uses to support a finding that no condition or combination of conditions

will reasonably assure the safety of the community shall be supported by clear and convincing evidence. *Id.*

The Government did not rely exclusively on the rebuttable presumption arising under § 3142(e) and contended that the defendant is a major narcotics trafficker and thus a danger to society. It based that contention on information from confidential informants that the defendant has continued to be engaged in the distribution of drugs from June 1983 until the present time and upon his "lavish lifestyle" which he maintains by the income he derives from trafficking in narcotics.

The DEA agent testified that he received information from a confidential informant that the defendant is presently engaged in selling cocaine from a tavern at 38th Street and Haverford Avenue in West Philadelphia and also from an apartment on Haverford Avenue. He received information from other confidential informants that he is selling cocaine in the vicinity of 38th Street and Haverford Avenue. The agent testified that he purchased narcotics from the defendant at an apartment at 3414 Haverford Avenue and that the telephone at the apartment is listed in the defendant's name. He testified that the defendant told him that the apartment was his "crib" but that he also lives at 315 S. 63rd Street in West Philadelphia.

The Government also introduced a Pretrial Services report as evidence that the defendant maintains a "lavish" lifestyle notwithstanding his lack of income from lawful sources. The report states that the defendant has been unemployed since September 1984 and that the defendant claimed that he has been doing odd jobs since that time and that he has no other income. The report stated that the defendant owns a 1982 Mercedez Benz which he values at $38,000 and that he makes a monthly payment of $460.00 on a note held by the IVB bank. The report stated that he also owns a 1983 Monte Carlo which he values at $9,000. The report further stated that the defendant pays $160.00 a month on

a mortgage on the 63rd Street property and that he vacationed in Aruba during January 1985.

The defendant produced the testimony of Robert Pleasant, Jr. who stated that he and his father own and operate three automobile service stations in West Philadelphia. He stated that he was willing to provide the defendant with immediate employment at one of the three service stations.

The defendant testified that he was last employed as an automobile body and fender person until September 1984 and that he did odd jobs on the waterfront two to three times a week since that time. He stated that he had neither pay stubs nor income tax records to corroborate his stated employment since September 1984. He testified that he helped Mahalia Singleton obtain the apartment on Haverford Avenue because she had no credit references and that he pays the rent, electric and telephone bill when she is away. He said that he stays at the apartment once a week. He explained that he is able to meet his financial obligations with help from his children and that he is aided by income from gambling in Atlantic city where he has been "extremely" lucky.

 Upon considering all of the evidence presented, I conclude that the defendant has not rebutted the presumption that he presents a risk of flight and a danger to the community. I find, however, that the Government has not met its burden of producing clear and convincing evidence that no condition or combinations of conditions will assure his appearance or safety of the community. As Honorable Joseph S. Lord, III, Chief Judge Emeritus of this court recently observed in denying the Government's motion for pre-trial detention, the clear and convincing evidence requirement imposes a heavy burden of proof upon the Government which must be met before the defendant's liberty may be curtailed by pre-trial detention.[1] Here the Government has produced no evidence nor has it persuasively argued that there are

---

1. U.S.A. v. Richard Fisher, C.R. NO. 84–00477, January 1, 1985.

no conditions that will assure the safety of the community. Accordingly, I will enter an order setting forth the terms of the defendant's release, employing a combination of terms enumerated in § 3142(c).

My order is attached.

### ORDER

AND NOW, this 4th day of April, 1985, it is hereby ORDERED that:

1. The defendant shall be released from custody upon the execution of a bail bond in the amount of One Hundred Thousand Dollars ($100,000.00) by him and his wife with ten percent (10%) in cash to be deposited with the Clerk of the Court. His release, however, is conditioned upon the following terms:

(a) that the defendant not commit a federal, state or local crime during the period of his release;

(b) that he accept the offer of employment by Robert Pleasant, Jr. and maintain employment with him during the period of his release;

(c) that he not travel beyond the City of Philadelphia without the prior express approval of the court;

(d) that he not go to or visit the apartment building at 3414 or 3416 Haverford Avenue for any purpose;

(e) that he not visit any taverns at 38th Street and Haverford Avenue or frequent the area of 38th Street and Haverford Avenue;

(f) that he shall not associate with any known or suspected sellers or users of narcotics;

(g) that he report in person daily to the Pre-trial Services Agency of this court;

(h) that he shall reside at 315 S. 63rd Street, Philadelphia, during the period of his release from 8:00 o'clock each evening until 8:00 o'clock in the morning of the following day.

2. The defendant shall be subject to telephone calls from the Pre-trial Services Agency to 315 S. 63rd Street at random times between 8:00 p.m. and 8:00 a.m. daily and his failure to be present to receive

these telephone calls shall constitute a violation of this condition.